IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATCHPOINT SOLUTIONS, a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>INFORMATION MANAGEMENT CONSULTING, INC., a Texas corporation, and FRANCES T. KHUONG, an individual,<br><br>    Defendants. | Case No. 12-2472-SC<br><br>ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION |

Defendants Information Management Consulting, Inc. ("IMC") and Frances T. Khuong ("Khuong") (collectively, "Defendants") move to dismiss the complaint of Plaintiff Matchpoint Solutions ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. ECF Nos. 1 ("Compl."), 8 ("Mot."), 9 ("Brief ISO Mot."). Plaintiff filed an opposition. ECF No. 18 ("Opp'n"). Defendants did not file a reply. The Court determines that the motion is suitable for decision without oral argument. Civ. L.R. 7-1(b). For the reasons set forth below, the Court DENIES Defendants' motion.

Plaintiff filed its complaint before this Court on May 15, 2012, asserting seven causes of action arising from an employment

dispute in Texas with its former subcontractor Khuong, including Khuong's alleged breach of an amended settlement agreement.  The subcontracting agreement between Khuong and Plaintiff provides for venue and personal jurisdiction in the courts of California encompassing Alameda County.  See Compl. Ex. A ("Contract") ¶ 18(g).  As to subject-matter jurisdiction, Plaintiff invokes this Court's diversity jurisdiction.  Compl. ¶ 4.

The requirements of diversity jurisdiction are familiar: There must be complete diversity of citizenship between the parties and an amount in controversy greater than $75,000.  28 U.S.C. § 1332(a)(1).  Plaintiff adequately alleges diversity of citizenship.  See Compl. ¶¶ 1-3.  Defendants' challenge rests on the amount-in-controversy requirement.  In their two-page brief, Defendants argue that, because they have moved for dismissal, Plaintiff now bears the burden of showing by a preponderance of the evidence that the amount-in-controversy requirement is satisfied.

Defendants are wrong.  "Where the plaintiff originally files in federal court, the amount in controversy is determined from the face of the pleadings."  Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (internal quotation marks omitted).  "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."  Id.  Here, Plaintiff alleges the requisite amount in controversy.  Compl. ¶¶ 68, 88, 96, 103.  By failing to address the correct standard, Defendants fail to show to a legal certainty that Plaintiff's allegations are insufficient.  Moreover, the Court is satisfied that the Complaint, which seeks, among other things, restitution of over $21,000, additional tort

damages in amounts to be proven, plus punitive damages, meets the amount-in-controversy requirement. Id. at 20-21 (prayer for relief). Accordingly, the Court DENIES Defendants' motion to dismiss for lack of subject-matter jurisdiction.

 Normally, the Court would not have considered Defendants' motion at all, because Defendants' counsel, Thomas C. Barron, of Dallas, Texas, has failed to show that he is eligible to practice before this Court under Civil Local Rules 11-1 or 11-3, or to comply with other local rules, despite having been ordered to do so by Judge Beeler on July 9, 2012. ECF No. 9. The Court entertained Defendants' motion only because of its independent, overriding duty to ensure that subject-matter jurisdiction is exercised properly. Mr. Barron is advised that further failures to comply with this Court's local rules and orders will not be tolerated. The Court hereby ORDERS Mr. Barron to show by affidavit that he has been admitted to practice before this Court. Mr. Barron shall comply within thirty (30) days of the signature date of this Order. Failure to do so may result in sanctions. Civ. L.R. 11-8.

 IT IS SO ORDERED.

 Dated: October 3, 2012

UNITED STATES DISTRICT JUDGE

3