HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonsmith.com
NITOJ P. SINGH (SBN: 265005)
nsingh@dhillonsmith.com
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiff MatchPoint Solutions

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

MATCHPOINT SOLUTIONS, a California corporation,

      Plaintiff,

      v.

INFORMATION MANAGEMENT CONSULTING, INC., a Texas corporation, and FRANCIS T. KHUONG, an individual,

      Defendants.

Case Number: 12-CV-02472-SC

**STIPULATED FINAL JUDGMENT AND [PROPOSED] ORDER FOR PERMANENT INJUNCTION**

      Plaintiff MatchPoint Solutions and defendants Information Management Consulting, Inc., and Francis T. Khuong (collectively, the "Parties"), by and through their respective counsel, hereby enter into this Stipulation to entry of injunctive relief as follows:

      WHEREAS, on May 15, 2012, Plaintiff, MatchPoint Solutions ("MatchPoint") filed a Complaint against Francis T. Khuong ("Khuong"), and Information Management Consulting, Inc. ("IMC") (collectively, "Defendants") for *inter alia* breach of contract, intentional interference with contracts and economic advantage, and *prima facie* tort; and

      WHEREAS, Defendants have been represented by the attorneys whose names appear hereafter; and

WHEREAS, the parties have agreed to entry of this Stipulated Final Judgment and Order for Permanent Injunction ("Order") to resolve all matters in dispute in this Action without trial or adjudication of any issue of law or fact herein;

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1.     This Court has jurisdiction over the subject matter of this case and over the Parties.

2.     Venue in this District is proper under 28 U.S.C. § 1391(b)(2).

3.     The Complaint states claims upon which relief may be granted against Defendants.

4.     Defendants make no admissions to eh allegations in the Complaint, other than the jurisdictional facts.

5.     Defendants waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order.

6.     This Action and the relief awarded herein are in addition to, and not in lieu of, any settlement the parties may have reached in this Action.

## [PROPOSED] ORDER

I.   **UNILATERAL STAY-AWAY ORDER BETWEEN MATCHPOINT AND KHUONG PARTIES**

A.  **MatchPoint**. MatchPoint is a California corporation with its principal place of business at 6690 Amador Plaza Rd., Suite 225, Dublin, Alameda County, California. Other MatchPoint business locations include:

i.   California: 4516 Montcurve Blvd., Fair Oaks, CA 95627;

ii.   New Jersey: 40 Brunswick Ave., Suite 200, Edison, NJ 08817;

iii.   Utah: 414369 Arcadia Rose Ln., Suite 100, Herriman, UT 94096;

---

iv.   India: #8-2-293/82/A/796?B, Rd. No.: 36, Jubilee Hills, Hyderabad – 500 033.

**B. Infinera.** Infinera Corporation ("Infinera") is a Delaware corporation and a client of MatchPoint. Infinera is a company headquartered at 140 Caspian Ct. Sunnyvale, California 94089. Other Infinera business locations include:

   i.   Maryland: 9005 Junction Drive, Suite B, Annapolis Junction, MD 20701;

  ii.   Pennsylvania: 7360 Windsor Drive, Allentown, PA 18106;

 iii.   Canada: 555 Legget Drive, Suite 222, Ottawa, Ontario, Canada K2K 2X3;

  iv.   United Kingdom: 1 Ropemaker Street, London EC2Y 9HT, United Kingdom;

   v.   Singapore: 8th floor, Samsung Hub, 3 Church Street, Singapore 049483;

  vi.   China: Suite 0706, 7/F, Shouxiang Science Building, No. 51 Xueyuan Rd., Haidian District, Beijing 100191;

 vii.   Hong Kong: 14/F, Suite 02, Cityplaza 3, Taikoo Shing;

viii.   Japan: Seika Building 9th Floor, 2-12-14 Kanda-Ogawa-machi, Chiyoda-ku, Tokyo, 101-0052 Japan;

  ix.   India: Prestige Solitaire , 401, Level 3, 6, Brunton Road, Bangalore 560 025.

**C. Places of Business Defined.** For the purposes of this Order, MatchPoint and Infinera have places of business, as designated above in Sections A and B. MatchPoint and Infinera may change the location of their places of business from time to time by the giving of written notice of the location and the effective date of the change by that party's counsel to the Khuong Parties' counsel. MatchPoint and Infinera's places of business are protected areas pursuant to section I(G), below.

**D. Protected Parties.** MatchPoint and Infinera are the sole protected parties to this Order who are entitled to enforce its terms. Other persons who may receive protection under this Order by virtue of their association with a protected party are the directors, employees, officers, agents, and clients of the protected parties. Any other persons is not a third party beneficiary and is not entitled to enforce the terms of this Order.

**E. Term.** The relief provided by this permanent injunction shall last indefinitely.

**F. Prohibited communications.**

    i. In General. Khuong Parties may not communicate or attempt to communicate directly or indirectly with MatchPoint or Infinera, or their respective directors, agents, employees, managers, clients, and independent contractors. For the purposes of this Order, the term, "communicate" includes all forms of messaging or content, including without limitation direct personal contact by talking or gesture, voice or communications by telephone, including mobile or cell phones, and internet telephony, written communications by mail, personal delivery, e-mail, text message, or facsimile transmission, video or photographic communications.

    ii. Persons Included. For purposes of this Order, the persons barred from communications with MatchPoint or Infinera, or their respective directors, agents, employees, managers, clients, and independent contractors are the Khuong Parties and their spouses, domestic partners, agents, managers, employees, independent, and advisors; provided however, that the attorneys for the parties may communicate with one another about matters concerning the parties.

    iii. Persons Excluded. The attorneys for the parties may communicate with

one another about matters concerning the parties, and any communication between parties shall be conducted exclusively through their respective legal counsel.

    iv.   **Communications Excluded.** The general prohibition against intra-party communication does not prohibit communications conducted through the parties' counsel and which concern this Order, the parties' settlement agreement, or its performance, are made in the course of litigation, are required by law, are privileged under the law, or are reasonably required by the terms of the confidential settlement agreement between the parties. The general prohibition against intra-party communication does not prohibit communications inadvertently made by MatchPoint or Infinera to Khuong Parties resulting from advertisements related to any consulting services the Khuong Parties may provide. Should MatchPoint or Infinera contact the Khuong Parties while in the process of searching for such consulting services, the Khuong Parties shall politely decline any such solicitation or not respond to the solicitation.

**G. Stay Away Orders.**

    i.   In Areas Other Than "Protected Areas" (defined below).

Outdoors. While outside protected areas (defined below) and in private or private exterior spaces (other than indoor spaces described in subsection 2.7), the Khuong Parties agree not to approach intentionally or stand within fifty (50) yards of the protected parties identified in Section 2.4 (the "Protected Parties") or members of any group accompanying that Protected Parties while in public. For the purposes of this paragraph, the term, "members of any group," shall be defined to include spouses, friends or companions, agents, employees, managers, and independent contractors of the Protected Parties who are located within a

two (2) yard radius of the Protected Parties.

Indoors. While inside any building or the exterior grounds of any building, other than the parties' place of business defined in Section 2.4, the Khuong Parties agree not to approach intentionally or stand within three (3) yards of the Protected Parties or members of any group accompanying the Protected Parties. For the purposes of this paragraph, the term, "members of any group," shall be defined to include spouses, friends or companions, agents, employees, managers, or independent contractors of the Protected Parties who are located within a two (2) yard radius of the Protected Parties.

ii.   Within Protected Areas.

Establishment of "Protected Area." Within a radius of fifty (50) yards of Protected Parties' Places of Business, there shall be deemed to be a "protected area," for the benefit of the Protected Parties having their business within that area.

Operations Within the Protected Area. The Khuong Parties, or their spouses, agents, employees, managers, representatives, or independent contractors, shall enter the Protected Parties Places of Business or loiter within a protected area. For the purposes of this Order, the term, "loiter," shall be defined to occur where Khuong Parties, or their spouses, agents, employees, managers, representatives, or independent contractors, remain within a Protected Parties' protected area, undertrained or uninterrupted, without reasonable justification for doing so, for a period of more than three (3) minutes.

While within a protected area, the Khuong Parties agree not to approach intentionally or stand within eight (8) yards of the Protected Parties or members of any group accompanying the Protected Parties. For the purposes of this sub-section, the term, "members of any group," shall be defined to include those

---

spouses, friends or companions, agents, employees, managers, and independent contractors of the Protected Parties who are located within a two (2) yard radius of the Protected Parties. The Khuong Parties, or their spouses, agents, employees, managers, and independent contractors may walk, drive, or otherwise pass through the protected area of the other party.

**H. Other Prohibited Personal Conduct.** The Khuong Parties, or their spouses, agents, employees, managers, representatives, or independent contractors, may not (a) harass, attack, strike, threaten, assault, hit, follow, stalk, destroy personal property, or block the movements of the Protected Parties at any time, (b) conduct themselves, position themselves, or create any situation or circumstance which entraps the other party into violating this Order, or (c) engage in otherwise permitted conduct with the intent of annoying the Protected Parties or baiting them with the intent of inducing a violation of this Order.

## II.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

The parties hereby stipulate to the entry of the foregoing Order, which shall constitute a final Order in this Action.

**IT IS SO ORDERED:**

Date: _____ 1/3/13 _____



_____
UNITED STATES DISTRICT JUDGE

///
///
///
///

---

Stipulated Final Judgment and Order for Permanent Injunction
-7-

Case No. 12-CV-02472-SC

1  **IT IS SO STIPULATED:**

2  Dated:  December 18, 2012                    DHILLON & SMITH LLP

3                                          By      _____/s/ Nitoj P. Singh_____
4                                          Harmeet K. Dhillon
                                          Nitoj P. Singh
5                                          Attorneys for Plaintiff

6

7  Dated:  December 18, 2012                    THE LAW OFFICES OF THOMAS C. BARRON

8

9                                          By      _____/s/ Thomas C. Barron_____
10                                         Thomas C. Barron
                                          Attorney for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

Stipulated Final Judgment and Order for Permanent Injunction                    Case No. 12-CV-02472-SC